IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

    Plaintiff,

v.    No. 1:25-cv-00432-SCY

UNITED STATES POSTAL SERVICE,

    Defendant.

### ORDER ON PENDING MOTIONS AND ORDER TO AMEND

This matter comes before the Court on *pro se* Plaintiff's Complaint and Request for Injunction, Doc. 1, filed February 5, 2025 ("Complaint"),[1] Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 5, 2025 ("IFP Application"), and Plaintiff's Motion for Leave to File Using CM/ECF, Doc. 3, filed February 5, 2025 ("Motion to File Electronically").

**Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

---

[1] Plaintiff filed her Complaint in the United States District Court for the District of Columbia on February 5, 2025. Doc. 1. The District of Columbia transferred this case to this Court on May 7, 2025. Doc. 4.

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's IFP Application. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $1,000.00; and (ii) Plaintiff's monthly expenses total $2,000.00. In other words, her total monthly expenses exceed her low monthly income.

### Motion to File Electronically

Plaintiff seeks permission to file electronically using CM/ECF. *See* Motion to File Electronically at 1. The Court grants Plaintiff permission to file electronically in this case only. *See* Guide for Pro Se Litigants at 13, District of New Mexico (October 2022) ("approval to electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account"). The Court will revoke permission to file electronically if Plaintiff abuses her electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual. Account registration forms, procedure manuals, and other information can be obtained at the Court's website: http://www.nmd.uscourts.gov/filing-information. This Order only grants Plaintiff

permission to participate in CM/ECF; Plaintiff is responsible for registering to become a participant. *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised June 2024).

## Order to Amend or Show Cause

In her Complaint, Plaintiff alleges that the United States Postal Service ("USPS") is required to provide free postal boxes to full-time residents because there is no mail delivery to the houses where Plaintiff lives. *See* Complaint at 4. Plaintiff states she has Post Traumatic Stress Disorder which makes it difficult for her to deal with the "perpetual rudeness, unpleasantness and uncooperativeness of [the] postal clerk." Complaint at 5. Plaintiff alleges that the postal clerk refused to process Plaintiff's annual application to renew her free postal box, did not place Plaintiff's outgoing mail into the mail-stream, threw Plaintiff's letters in Plaintiff's face, and was rude and uncooperative, and that the USPS is withholding and losing Plaintiff's incoming mail. *See* Complaint at 4-5. Plaintiff states that "[t]he USPS has allowed [the postal clerk] to trespass [Plaintiff] from the post office where she has received mail for 27 years." Complaint at 5.

Plaintiff asserts claims pursuant to "42 U.S.C. § 504 Rehabilitation Act of 1973,"[2] "18 U.S.C. § 1701 - Obstruction of mails generally," "18 U.S.C. § 1703 – Delay or destruction of mail or newspapers," and "USCA 1 First Amendment Retaliation."[3] Complaint at 3. Plaintiff

---

[2] Plaintiff's reference to 42 U.S.C. § 504 appears to be typographical error. 42 U.S.C. § 504 provides for judicial review of the United States Secretary of Labor's actions regarding grants to states for unemployment compensation administration. There are no allegations in the Complaint related to unemployment compensation. It appears Plaintiff is referring to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

[3] The Court construes Plaintiff's First Amendment retaliation claim as a retaliation claim under the Rehabilitation Act. This is because a *Bivens* claim for damages for violations of a citizen's constitutional rights, such those as under the First Amendment, "can be brought only against federal officials in their individual capacities. *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

seeks restoration of her postal box, transfer of the postal clerk to a different post office, transfer and demotion of a supervisor, and compensatory and punitive damages. *See* Complaint at 5. Having reviewed the Complaint, the notes finds several deficiencies.

First, it appears Plaintiff's claims pursuant to the Rehabilitation Act are barred for failure to name the proper defendant. Plaintiff asserts her Rehabilitation Act claims against the United States Postal Service. However, "[t]he only proper Defendant in a Title VII suit or a claim of discrimination under the Rehabilitation Act is the head of the agency accused of having discriminated against the Plaintiff." *Farrel v. U.S. Dept. of Justice*, 910 F. Supp. 615, 618 (M.D. Florida, 1995). That is, "[p]ursuant to 42 U.S.C. § 2000e–16(c) (1982) . . . the head of the agency, the United States Postmaster General, was the only proper defendant." *Brezovski v. U.S. Postal Service*, 905 F.2d 334, 335 (10th Cir. 1990) (stating "Plaintiff's failure to name the proper defendant in the original complaint [asserting claims pursuant to the Rehabilitation Act] will bar this action unless the amendment to the complaint adding the United States Postmaster General relates back to the original date of filing under Fed. R. Civ. P. 15(c)").

Second, the Complaint fails to state claims pursuant to 18 U.S.C. § 1701, Obstruction of mails generally, and 18 U.S.C. § 1703, Delay or destruction of mail or newspapers, because Sections 1701 and 1703 are criminal statutes. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 F. App'x 414, 415-16 (10th Cir. 2003); *see also Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Therefore, the Court advises Plaintiff that it will dismiss her Complaint unless she either: (1) files an amended complaint that addresses the deficiencies described in this Order, or (2) if

she disagrees with the Court's analysis, files a response showing cause why the Court should not dismiss her claims for the reasons articulated in this Order.

### Service on Defendant

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is providing Plaintiff the opportunity to file an amended complaint or to show cause why her Complaint should not be dismissed. The Court will address service after this Order to Amend is resolved.

### Case Management

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov

### Compliance with Rule 11

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)   Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 5, 2025, is **GRANTED.**

(ii)  Plaintiff's Motion for Leave to File Using CM/ECF, Doc. 3, filed February 5, 2025, is **GRANTED.**

(iii) Plaintiff may, within 21 days of entry of this Order: (a) file an amended complaint or (b) show cause why the Court should not dismiss Plaintiff's claims for the reasons stated above. Failure to timely amend or show cause may result in dismissal of Plaintiff's claims.

*/s/ Steve Yarbrough*
**UNITED STATES MAGISTRATE JUDGE**