IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

    Plaintiff,

v.                                                            No. 1:25-cv-00432-KWR-SCY

UNITED STATES POSTAL SERVICE,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiff alleges that the United States Postal Service ("USPS") is required to provide free postal boxes to full-time residents because there is no mail delivery to the houses where Plaintiff lives. *See* Complaint and Request for Injunction at 4, Doc. 1, filed February 5, 2025 ("Complaint").[1] Plaintiff states she has Post Traumatic Stress Disorder which makes it difficult for her to deal with the "perpetual rudeness, unpleasantness and uncooperativeness of [the] postal clerk." Complaint at 5. Plaintiff alleges that the postal clerk refused to process Plaintiff's annual application to renew her free postal box, did not place Plaintiff's outgoing mail into the mail-stream, threw Plaintiff's letters in Plaintiff's face, and was rude and uncooperative, and that the USPS is withholding and losing Plaintiff's incoming mail. *See* Complaint at 4-5. Plaintiff states "[t]he USPS has allowed [the postal clerk] to trespass [Plaintiff] from the post office where she has received mail for 27 years." Complaint at 5.

---

[1] Plaintiff filed her Complaint in the United States District Court for the District of Columbia on February 5, 2025. The District of Columbia transferred this case to this Court on May 7, 2025.

Plaintiff asserts claims pursuant to "42 U.S.C. § 504 Rehabilitation Act of 1973,"[2] "18 U.S.C. § 1701 - Obstruction of mails generally," "18 U.S.C. § 1703 – Delay or destruction of mail or newspapers," and "USCA 1 First Amendment Retaliation."[3]  Complaint at 3.  Plaintiff seeks restoration of her postal box, transfer of the postal clerk to a different post office, transfer and demotion of a supervisor, and compensatory and punitive damages.  *See* Complaint at 5.

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff of the following deficiencies:

> First, it appears Plaintiff's claims pursuant to the Rehabilitation Act are barred for failure to name the proper defendant. Plaintiff asserts her Rehabilitation Act claims against the United States Postal Service. However, "[t]he only proper Defendant in a Title VII suit or a claim of discrimination under the Rehabilitation Act is the head of the agency accused of having discriminated against the Plaintiff." *Farrel v. U.S. Dept. of Justice*, 910 F. Supp. 615, 618 (M.D. Florida, 1995). That is, "[p]ursuant to 42 U.S.C. § 2000e–16(c) (1982) . . . the head of the agency, the United States Postmaster General, was the only proper defendant." *Brezovski v. U.S. Postal Service*, 905 F.2d 334, 335 (10th Cir. 1990) (stating "Plaintiff's failure to name the proper defendant in the original complaint [asserting claims pursuant to the Rehabilitation Act] will bar this action unless the amendment to the complaint adding the United States Postmaster General relates back to the original date of filing under Fed. R. Civ. P. 15(c)").
>
> Second, the Complaint fails to state claims pursuant to 18 U.S.C. § 1701, Obstruction of mails generally, and 18 U.S.C. § 1703, Delay or destruction of mail or newspapers, because Sections 1701 and 1703 are criminal statutes. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 F. App'x 414, 415-16 (10th Cir. 2003); *see also Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

---

[2] Plaintiff's reference to 42 U.S.C. § 504 appears to be typographical error. 42 U.S.C. § 504 provides for judicial review of the United States Secretary of Labor's actions regarding grants to states for unemployment compensation administration.  There are no allegations in the Complaint related to unemployment compensation.  It appears Plaintiff is referring to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

[3] The Court construes Plaintiff's First Amendment retaliation claim as a retaliation claim under the Rehabilitation Act.  A "*Bivens* claim [for damages for violations of a citizen's constitutional rights] can be brought only against federal officials in their individual capacities.  *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

Order to Amend or Show Cause at 4, Doc. 8, filed May 15, 2025. Judge Yarbrough ordered Plaintiff to either file an amended complaint that addresses these deficiencies or file a response showing cause why the Court should not dismiss her claims. *See* Order to Amend or Show Cause at 4-6 (notifying Plaintiff that failure to timely amend or show cause may result in dismissal of Plaintiff's claims). Plaintiff did not amend or show cause by the June 5, 2025, deadline.

The Court dismisses Plaintiff's Complaint for the reasons stated by Judge Yarbrough. The Court, having dismissed Plaintiff's Complaint and Plaintiff having not filed an amended complaint, dismisses this case.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

       /S/ KEA W. RIGGS
**UNITED STATES DISTRICT JUDGE**